UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Crim. No. 09-10292-MLW |
| JUAN HERNANDEZ-ORTIZ[1] | ) ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S SECOND AND THIRD MOTIONS TO COMPEL AND FOR DISCOVERY

May 11, 2010

SOROKIN, M.J.

Defendant's second motion to compel (docket #29) seeks disclosure of information concerning the identification of the defendant from the viewing of a photograph by a state trooper in May 2009 and various material of several law enforcement agencies' operational manuals. Defendant's third motion to compel (docket #31) seeks to compel the government to produce from the ICE file all exculpatory information pertaining to a witness to and participant in the alleged drug sale charged in Count I or an affidavit from the AUSA stating that no such information exists in the ICE file. For the reasons set forth below, the Motions are DENIED.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts and procedural history set forth in the Court's prior ruling on the defendant's

---

[1] The superceding indictment names the defendant as FNU LNU a/k/a Juan Hernandez-Ortiz.

first Motion to Compel and are incorporated herein. Docket #23. The following additional facts are relevant to the third motion to compel.

Lino Alejandro Valedez allegedly actively participated in the sale of heroin on June 25, 2009 charged in Count I of the Superceding Indictment. At some point after Valdez' arrest on June 25th, but prior to September 18, 2009, ICE took him into custody. ICE removed Valdez from the United States in October 2009 after he was ordered deported by an Immigration Judge in September 2009. The government has informed the defense that "the sole basis for [Valdez's] removal was that he was present in the country illegally, and he was not charged with removal based on any criminal conduct, related to the facts of this case or otherwise."

DISCUSSION

The Second Motion to Compel

In this Motion the defense seeks "all materials in the government's possession that were used in, reflect, or otherwise memorialize the single-photograph identification procedure used by" the Massachusetts State Police in connection with its investigation of the defendant whatever the nature of the documents and whomever among the relevant agencies may possess the documents. Docket #29 at 1.

The government concedes that the viewing of the RMV photograph by the Trooper was an identification procedure within the meaning of the Local Rules, however, the government represents that it already disclosed: the photograph, the grand jury testimony concerning the viewing of the photograph, and that neither the government nor the relevant agencies or officers possess any other documents or notes concerning the identification procedure. In short, there is

no undisclosed "tangible evidence reflecting, used in or memorializing the identification procedure." L.R. 116.1(C)(f)(2). In particular, the government has explained the absence of AUSA notes of conversation between the AUSA and the state troopers. In addition, the defense presses the request regarding email communications between the troopers and the AUSA memorializing the circumstances of the identification procedure. However, the government has represented that "there exists no other" tangible evidence within the meaning of the Local Rule. Dkt#37 at 3.

In addition, the defendant requests that the government produce the relevant portions of the State Police, DEA and Lawrence Police Department "operational or training manuals" that were in effect from May through June 2009 concerning "undercover investigations, the use of confidential informants, the use of photographic identification procedures and the documentation of such activities." Docket #29 at 2. Defendant argues that the failure to document the use of the single-photograph identification procedure and the use of the informant in this case warrants this disclosure to assist with establishing non-compliance with governing policies and procedures during cross-examination. At the time of the May 2009 viewing of the photograph the relevant officers were two state troopers. Accordingly, there is no basis to seek the DEA or Lawrence Police manuals. The state police manual, insofar as it concerns procedures for identifications and/or the preservation of observations made in the course of such procedures is not "material" to the defense within the meaning of Fed. R. Crim. P. 16. As noted in the Court's earlier decision, the out-of-court identification is relevant only insofar as it bears on whether the in-court identification is "unreliable." The Trooper had a number of in-person interactions with the defendant after the identification prior to June 25th and importantly he met face-to-face with the defendant shortly before the arrest. Finally, the Superceding Indictment charges defendant with

only an offense arising out of the events of June 25th. Because of these circumstances, the manual is not "[i]nformation that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude . . ." L.R. 116.2(B)(1)(b).

Accordingly, the Motion to Compel is DENIED.

<u>The Third Motion to Compel</u>

In the third motion to compel (docket #37), the defendant requests that the government produce all material exculpatory information contained in Valdez' ICE file or an affidavit stating that the government reviewed the file and no such information exists within the file. Docket #31. The government has opposed stating that it has no obligation in this case to review the ICE file, that the request is overbroad and that no basis has been put forth suggesting that exculpatory information may exist within the ICE file.

Under the Local Rules the attorney for the government "shall inform all federal, state, and local law enforcement agencies formally participating in the criminal investigation that resulted in the case of the discovery obligations set forth in these Local Rules and obtain any information subject to disclosure from each such agency." L.R. 116.8. Nothing before the Court suggests that the Department of Homeland Security or Immigration Customs and Enforcement (ICE), which is a part of Homeland Security, formally participated (or participated at all) in the investigation resulting in the present case. In addition, nothing in the record before the Court indicates that Valdez made <u>any</u> statements to ICE agents or officials regarding the alleged drug sale on June 25th.

Accordingly, the Motion to Compel is DENIED.

## CONCLUSION

For the foregoing reasons, the second Motion to Compel (Docket #29) is DENIED and the third motion to compel (Docket #31) is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States Magistrate Judge