UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) | Crim. No. 09-10292-MLW |
| JUAN HERNANDEZ-ORTIZ[1] | ) ) ) ) | |

MEMORANDUM AND ORDER ON
<u>DEFENDANT'S MOTION FOR RECONSIDERATION OF DISCOVERY ORDER</u>

June 17, 2010

SOROKIN, M.J.

      Defendant moves for reconsideration, in two respects, of this Court's May 11, 2010 Order denying the defendant's motions to compel.

      First, defendant contends that the Court should reconsider its decision regarding notes pertaining to the single photograph identification procedure in May, 2009 in light of the grand jury testimony of DEA Special Agent Glen Coletti. Whether or not SA Coletti "recanted" his prior testimony regarding the inception of the investigation (an inception in which DEA had no role), there is no basis to reconsider the Court's decision as the argument undermines no portion of the Court's analysis of the motions to compel. Moreover, prior to the Court's ruling and again in opposition to this Motion, the AUSA has represented to the Court that the government has produced all of the notes and document pertaining to the identification procedure which the

---

[1] The superceding indictment names the defendant as FNU LNU a/k/a Juan Hernandez-Ortiz.

1

Court understands to mean that neither the agents, troopers nor AUSAs possess any notes relevant (under the Local Rules) to the identification procedure.  Accordingly, insofar as the motion relates to the identification procedure it is DENIED.

Defendant also seeks reconsideration of the Court's ruling denying his request for production of the DEA or Massachusetts State Police (MSP) manuals.  According to discovery produced from the government, SA Coletti obtained $2,200 in DEA funds for an undercover purchase on June 25, 2009.  "Because he [SA Coletti] had not opened a DEA case under the Defendant's name, he used another case name and number to obtain the funds.  Before giving $2200.00 to the undercover officer, he photocopied it.  The photocopies cannot be found." Dkt#42-3 at 1 (Letter from AUSA to defense counsel).  At trial, the government will present evidence that agents seized money from the defendant's person upon his arrest shortly after the undercover transaction.  Defendant asserts that whether the money seized "was, in fact, the pre-recorded 'buy money' that the DEA supplied to the MSP [undercover officer] will be a critical and contested issue in this case."  Dkt#42 at 7 (Defendant's Motion).  Accordingly, for use in cross-examination at trial, defendant requests disclosure of the DEA manual or regulations governing the use of government funds to purchase illegal drugs in undercover operations.

The government opposes the request asserting that (a) there is no evidence of a violation of the polices and thus no basis to order the production of the policies; (b) the policies, absent a constitutional violation, are not enforceable in Court on a motion to suppress; and (c) the exculpatory utility of the polices, if any, is cumulative in light of the already disclosed information, Brady does not require production of cumulative information and thus there is no basis to order production of the policies.

The Local Rules define exculpatory information as including information that "tends to . .

2

. (3) [c]ast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief." L.R. 116.2(A)(3). Discovery reveals that the DEA lost the photocopies of the prerecorded buy money and memorialized the expenditure of funds in a case file pertaining to someone other than the defendant.  In this case, the portion of the DEA manuals or regulations governing the use of government funds to purchase illegal drugs does constitute exculpatory information as defined in Local Rule 116.2(A)(3).  Accordingly, the government shall disclose that portion of the manual or regulations to the defendant and, in that respect only, the Motion is ALLOWED IN PART.[2]

For the foregoing reasons, the Motion for Reconsideration (Docket #41) is ALLOWED IN PART to the extent that the government shall disclose, no later than 21 days before trial, see L.R. 116.2(B)(2), those portions of the  DEA manual or regulations governing the use of government funds to purchase illegal drugs in undercover operations.  In all other respects the Motion is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
United States Magistrate Judge

---

[2] The Court notes that the government has not advanced any argument that disclosure of the manual compromises confidential investigative techniques.